IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

TINA MCNEAL                                                          PLAINTIFF

V.                                              CIVIL ACTION NO. 4:23-cv-180-DMB-DAS

PREMIER MEDICAL MANAGEMENT
OF MISSISSIPPI, INC.                                                 DEFENDANT

---

## ANSWER AND AFFIRMATIVE DEFENSES OF
## PREMIER MEDICAL MANAGEMENT OF MISSISSIPPI, INC.

---

COMES NOW, Defendant Premier Medical Management of Mississippi, Inc. ("Premier Medical" or "Defendant"), by and through its counsel of record, and in response to the Complaint filed against it in this action, states the following:

### AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following defenses, each as a separate and distinct defense to Plaintiff's alleged cause(s) of action, as well as to the entire Complaint. In so far as any of the following express denial of an element of the claims, or any of them, alleged against Defendant, such expression is in no way intended as a concession that Plaintiff is relieved of her burden to prove each and every element of any such claim. Defendant does not assume the burden of a defense asserted that is adjudged not to be an affirmative defense, whether listed here or not.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by her failure to reasonably mitigate her damages, if any.

### THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrines of unclean hands and estoppel.

### FIFTH AFFIRMATIVE DEFENSE

All or a portion of Plaintiff's claims under Title VII are barred by her failure to timely exhaust all available internal and external administrative remedies, including the timely filing of the requisite administrative charge with the Equal Employment Opportunity Commission.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from raising any claim occurring more than 180 days prior to the filing of the EEOC charge in this case.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's Title VII claims exceed the scope of her charge of discrimination, the claims are barred.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff was an employee terminable at will, and as such her employment could be terminated for any reason not made unlawful by federal or state law.

## NINTH AFFIRMATIVE DEFENSE

Defendant's actions toward or its decisions regarding Plaintiff's employment with Defendant were taken or made in good faith and for legitimate, non-discriminatory and non-retaliatory reasons.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are barred because the alleged conduct of Defendant was not the proximate cause of her alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant's actions would have been the same regardless of any alleged protected Complaints of Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims in this action are barred by the after-acquired evidence doctrine.

## THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by applicable statutes of limitation, including but not limited to, claims pursuant to 42 U.S.C. §2000e, *et seq*.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant's policies strictly prohibit unlawful retaliation, and it has maintained reasonable policies and procedures for the reporting and resolution of Complaints alleging discrimination and retaliation.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because she unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to otherwise avoid harm.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant states that if any of the allegations and unlawful conduct contained in the Complaint are found to have merit, such acts were not sufficiently severe or pervasive to create an abusive or hostile work environment.

### SEVENTEETH DEFENSE

Some or all of Plaintiff's damage claims are barred since Defendant cannot be held liable for acts of employees committed outside the scope of their employment or acts committed in violation of Defendant's written policies and procedures.

### EIGHTEENTH DEFENSE

Defendant states that even if Plaintiff is able to prove that a prohibited factor motivated Defendant's employment action, which Defendant expressly denies, the same action would have been taken even absent such motivation and, therefore, the Plaintiff's claims must fail.

### NINTEENTH DEFENSE

Defendant states that Plaintiff's damages, if any, resulted from her own conduct or from an unreasonable failure to avoid the complained of harm.

### TWENTIETH DEFENSE

Plaintiff's damages, if any, are barred because the alleged conduct of Defendant was not the proximate cause of her alleged damages.

### TWENTY-FIRST DEFENSE

Any claims for emotional distress or mental injury allegedly resulting from Plaintiff's employment with Defendant, or the termination from employment, are barred by the exclusive remedy provision of the Mississippi Workers' Compensation Act.

## TWENTY-SECOND DEFENSE

Plaintiff has failed to plead special damages with particularity as required by Federal Rule of Civil Procedure 9(g).

## TWENTY-THIRD DEFENSE

Plaintiff's claims and/or potential damages recoverable under Title VII are subject to and limited by the statutory provisions of 42 U.S.C. §1981a.

## TWENTY-FOURTH DEFENSE

Defendant denies Plaintiff is entitled to any relief. Alternatively, without admitting any wrongful conduct by Defendant or any of its employees, agents or representatives, if the evidence determines that Plaintiff is entitled to back pay or front pay, Defendant is entitled to an offset of amounts earned or which Plaintiff could have earned with reasonable diligence, short-term disability, long-term disability, workers' compensation, or unemployment benefits paid to Plaintiff.

## TWENTY-FIFTH DEFENSE

Plaintiff's claim for punitive damages is barred because she cannot prove by clear and convincing evidence that Defendant's actions were extreme and outrageous and/or malicious.

## TWENTY-SIXTH DEFENSE

Plaintiff's claim for punitive damages is barred because she cannot prove by clear and convincing evidence that Defendant's actions were extreme and outrageous and/or malicious.

## TWENTY-SEVENTH DEFENSE

An award of punitive damages would be contrary to Defendant's good faith efforts to comply with the law.

**TWENTY-EIGHTH DEFENSE**

Plaintiff's claim for punitive damages is in violation of Mississippi law, as well as the Eighth and Fourteenth Amendments to the United States Constitution.

**TWENTY-NINTH DEFENSE**

Without admitting any of the allegations contained in the Complaint, Defendant avers that to the extent that the Complaint seeks punitive damages, it violates Defendant's right to protection from excessive fines as provided by the Eighth Amendment to the United States Constitution and pertinent provisions of the Constitution of the State of Mississippi, and it violates Defendant's right to substantive and procedural due process provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Mississippi. Alternatively, Plaintiff's claims for punitive damages are governed by the provisions of Section 11-1-65 of the Mississippi Code Annotated.

**THIRTIETH DEFENSE**

Defendant reserves the right to amend this Answer to plead any affirmative defense or matters of avoidance required by Rules 8(c) and 12(h) of the Federal Rules of Civil Procedure which may be determined applicable to this action through subsequent discovery proceedings or further investigation of the claims and allegations asserted in the Complaint.

**ANSWER**

AND NOW, having affirmatively asserted its defenses to the claims in this action, and in the event said defenses are not dispositive of the action, Defendant answers the allegations of the Complaint as follows:

With regard to the unnumbered introductory paragraph, Defendant admits Plaintiff seeks to assert claims for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 and for age discrimination under the Age Discrimination and

Employment Act, but denies Plaintiff has stated a claim upon which relief may be granted and denies Plaintiff is entitled to any damages or relief whatsoever.

1.      With regard to the allegations of paragraph 1, Defendant admits Plaintiff is an African-American adult.  Defendant is without sufficient information to either admit or deny all remaining allegations of paragraph 1 of the Complaint, and thus, denies the same.

2.      With regard to the allegations of paragraph 2, Defendant admits its registered agent for service is Allison Simpson and that it may be served at 600 Concourse, 1076 Highland Colony Parkway, Ridgeland, Mississippi 39157.  Defendant denies all remaining allegations in paragraph 2 of the Complaint.

3.      With regard to paragraph 3 of Plaintiff's Complaint, Defendant admits the United States District Court for the Southern District of Mississippi, Northern Division has federal question jurisdiction for a cause of action arising under the Title VII, 42 U.S.C. § 2000e. Defendant denies all remaining allegations in paragraph 3 of the Complaint.

4.      With regard to paragraph 4 of Plaintiff's Complaint, Defendant admits the United States District Court for the Southern District of Mississippi, Northern Division has jurisdiction for a cause of action arising in this division and that venue is appropriate. Defendant denies all remaining allegations in paragraph 4 of the Complaint.

5.      With regard to paragraph 5 of Plaintiff's Complaint, Defendant admits Plaintiff filed a charge of discrimination with EEOC and the EEOC issued its Dismissal and Notice of Rights to Sue.  Defendant states that any charge of discrimination filed by Plaintiff or Dismissal and Notice of Rights issued by any agency speaks for itself but denies that any such charge of

discrimination has any merit. Defendant denies all remaining allegations in paragraph 5 of the Plaintiff's Complaint.

6.      With regard to the allegations of paragraph 6 of Plaintiff's Complaint, Defendant admits Plaintiff is an African-American female over 40 years old. Defendant is without sufficient information to either admit or deny all remaining allegations of paragraph 6 of the Complaint, and thus, denies the same.

7.      With regard to the allegations of paragraph 7 of Plaintiff's Complaint, Defendant admits Plaintiff was employed as a physical therapist.  Defendant denies all remaining allegations in paragraph 7 of the Plaintiff's Complaint.

8.      Defendant is without sufficient knowledge or information to form a belief as to the alleged conversation between coworkers contained in paragraph 8 of the Complaint and, therefore, denies the same.

9.      With regard to the allegations of paragraph 9 of Plaintiff's Complaint, Defendant admits it employed Plaintiff as a physical therapist.  Defendant denies all remaining allegations in paragraph 9 of the Plaintiff's Complaint.

10.     Defendant is without sufficient information to either admit or deny all allegations of paragraph 10 of the Complaint, and thus, denies the same.

11.     Defendant is without sufficient knowledge or information to form a belief as to the alleged conversation between coworkers contained in paragraph 11 of the Complaint and, therefore, denies the same.

12.     Defendant is without sufficient knowledge or information to form a belief as to the alleged conversation between coworkers contained in paragraph 12 of the Complaint and, therefore, denies the same.

13.     Defendant is without sufficient knowledge or information to form a belief as to the alleged conversation between coworkers contained in paragraph 13 of the Complaint and, therefore, denies the same.

14.     Defendant denies all allegations of paragraph 14 of the Complaint.

15.     With regard to paragraph 15 of the Complaint, Defendant admits Plaintiff brought her untimely time off request to management's attention on or about February 27, 2023. Defendant denies all remaining allegations in paragraph 15 of the Plaintiff's Complaint.

16.     With regard to paragraph 15 of the Complaint, Defendant admits Plaintiff's untimely time-off request was denied on or about February 27, 2023 and avers Defendant informed Plaintiff she was needed to work as scheduled. Defendant denies all remaining allegations in paragraph 16 of the Plaintiff's Complaint.

17.     With regard to paragraph 17 of the Complaint, Defendant admits management denied Plaintiff's untimely time-off request on or about February 27, 2023 and avers Defendant informed Plaintiff she was needed to work as scheduled. Defendant denies all remaining allegations in paragraph 17 of the Plaintiff's Complaint.

18.     Defendant denies all allegations in paragraph 18 of the Plaintiff's Complaint.

19.     With regard to paragraph 19 of the Complaint, Defendant admits management informed Plaintiff that her request for time off was denied and that her coworker could not have

authority to authorize her time off request. Defendant denies all remaining allegations in paragraph 19 of the Plaintiff's Complaint.

20.     Defendant is without sufficient knowledge or information to form a belief as to the alleged conversation between coworkers contained in paragraph 20 of the Complaint and, therefore, denies the same.

21.     With regard to paragraph 21 of the Complaint, Defendant admits Defendant denied Plaintiff's time-off request for March 2, 2023. Defendant denies all remaining allegations of paragraph 21 of the Complaint.

22.     With regard to paragraph 22 of the Complaint, Defendant admits that after Defendant denied Plaintiff's time-off request on February 28, 2023, Mr. Cockroft and Plaintiff spoke. Defendant denies all remaining allegations of paragraph 22 of the Complaint.

23.     With regard to paragraph 23 of the Complaint, Defendant admits that after Defendant denied Plaintiff's time-off request on February 28, 2023, Mr. Cockroft and Plaintiff spoke. Defendant denies all remaining allegations of paragraph 23 of the Complaint.

24.     Defendant denies all allegations of paragraph 24 of the Complaint.

25.     With regard to paragraph 25 of the Complaint, Defendant admits that on February 28, 2023, Mr. Cockroft informed Plaintiff that her multiple policy violations would be discussed later in a disciplinary conference. Defendant denies all remaining allegations of paragraph 25 of the Complaint.

26.     With regard to paragraph 26 of the Complaint, Defendant admits that on February 28, 2023, Mr. Cockroft spoke with Plaintiff about her leaving the clinic and the physical therapist

assistant unsupervised the day before after he told her not to leave and informed her that her multiple policy violations would be addressed in a disciplinary meeting. Defendant avers Plaintiff's response was to raise her voice and shouted words to the effect of "You going to take it to that level", yelled at Mr. Cockroft to go back to his office, and when Mr. Crockroft instructed Plaintiff to clock out and go home, Plaintiff yelled from the front of the building words to the effect of "I am going outside to clear my head and you need to go back to your office, I am not going home. There are patients out here." Defendant denies all remaining allegations of paragraph 26 of the Complaint.

27. With regard to paragraph 27 of the Complaint, Defendant admits that on February 28, 2023, Mr. Cockroft spoke with Plaintiff about her leaving the clinic and the physical therapist assistant unsupervised the day before after he told her not to leave and informed her that her multiple policy violations would be addressed in a disciplinary meeting. Defendant avers Plaintiff's response was to raise her voice and shouted words to the effect of "You going to take it to that level", yelled at Mr. Cockroft to go back to his office, and when Mr. Crockroft instructed Plaintiff to clock out and go home, Plaintiff yelled from the front of the building words to the effect of "I am going outside to clear my head and you need to go back to your office, I am not going home. There are patients out here." Defendant denies all remaining allegations of paragraph 27 of the Complaint.

28. With regard to paragraph 28 of the Complaint, Defendant admits that on February 28, 2023, Mr. Cockroft instructed Plaintiff to clock out and go home. Defendant denies all remaining allegations of paragraph 28 of the Complaint.

29. With regard to paragraph 29 of the Complaint, Defendant admits that on March 1, 2023, Wes Carter, Kristen Reiber and others met with Plaintiff and informed her that her

employment was being terminated. Defendant denies all remaining allegations of paragraph 29 of the Complaint.

30.     With regard to paragraph 30 of the Complaint, Defendant admits that on March 1, 2023, Wes Carter, Kristen Reiber and a human resources representative met with Plaintiff and informed her that her employment was being terminated. Defendant denies all remaining allegations of paragraph 30 of the Complaint.

31.     Defendant denies all allegations of paragraph 31 of the Complaint.

32.     With regard to paragraph 32 of the Complaint, Defendant admits that during Plaintiff's termination meeting Defendant informed that its investigation substantiated her disrespectful and unprofessional conduct toward Mr. Cockroft.  Defendant denies all remaining allegations of paragraph 32 of the Complaint.

33.     With regard to paragraph 33 of the Complaint, Defendant admits that during Plaintiff's termination meeting Defendant informed that its investigation substantiated her disrespectful and unprofessional conduct toward Mr. Cockroft.  Defendant denies all remaining allegations of paragraph 33 of the Complaint.

34.     With regard to paragraph 34 of the Complaint, Defendant admits that during Plaintiff's termination meeting Defendant informed that its investigation substantiated her disrespectful and unprofessional conduct toward Mr. Cockroft.  Defendant denies all remaining allegations of paragraph 34 of the Complaint.

35.     With regard to paragraph 35 of the Complaint, Defendant admits that during Plaintiff's termination meeting Defendant informed of the reasons for her termination.  Defendant denies all remaining allegations of paragraph 35 of the Complaint.

36.     With regard to paragraph 36 of the Complaint, Defendant admits that during Plaintiff's termination meeting Defendant informed of the reasons for her termination. Defendant denies all remaining allegations of paragraph 36 of the Complaint.

37.     With regard to paragraph 37 of the Complaint, Defendant admits that during Plaintiff's termination meeting Defendant informed of the reasons for her termination. Defendant denies all remaining allegations of paragraph 37 of the Complaint.

38.     With regard to paragraph 38 of the Complaint, Defendant admits that after Plaintiff was informed of her termination, Plaintiff objected to a husband and wife working together. Defendant denies all remaining allegations of paragraph 38 of the Complaint.

39.     Defendant denies all allegations of paragraph 39 of the Complaint.

40.     Defendant denies all allegations of paragraph 40 of the Complaint.

41.     Defendant restates and incorporates by reference its responses to paragraphs 1 through 40 of Plaintiff's Complaint as if fully set forth herein.

42.     Defendant denies all allegations of paragraph 42 of the Complaint.

43.     Defendant denies all allegations of paragraph 43 of the Complaint.

44.     Defendant denies all allegations of paragraph 44 of the Complaint.

45.     Defendant restates and incorporates by reference its responses to paragraphs 1 through 44 of Plaintiff's Complaint as if fully set forth herein.

46.     Defendant denies all allegations of paragraph 46 of the Complaint.

47.     Defendant denies all allegations of paragraph 47 of the Complaint.

48.     Defendant denies all allegations of paragraph 48 of the Complaint.

49.     Defendant restates and incorporates by reference its responses to paragraphs 1 through 48 of Plaintiff's Complaint as if fully set forth herein.

50.     Defendant denies all allegations of paragraph 50 of the Complaint.

51.     Defendant denies all allegations of paragraph 51 of the Complaint.

52.     Defendant denies all allegations of paragraph 52 of the Complaint.

53.     In response to the unnumbered paragraph titled "Prayer for Relief" following paragraph 52 of the Complaint, including subparts 1. through 10., Defendant denies Plaintiff is entitled to any of the legal or equitable relief, damages, and/or compensation requested, or to any other monetary damages or equitable relief whatsoever.  To the extent the Prayer for Relief contains any allegations of fact, those allegations are denied.

54.     Unless specifically admitted herein, all other allegations of the Complaint are hereby denied.

Having fully answered and responded to the allegations contained in Plaintiff's Complaint, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice in its entirety, that each and every prayer for relief contained in Plaintiff's Complaint be denied, that judgment be entered in favor of Defendant, that Defendant be awarded its costs and attorneys' fees in defending this matter, and that Defendant be granted such other and further relief as this Court may deem just and proper.

This the 15th day of November, 2023.

Respectfully submitted,

**PREMIER MEDICAL MANAGEMENT OF MISSISSIPPI, INC.,** Defendant

By: */s/ Robin Banck Taylor*
Robin B. Taylor (MS Bar No. 100195)
COUNSEL FOR DEFENDANT

OF COUNSEL:

Robin B. Taylor (MS Bar No. 100195)
BUTLER │ SNOW LLP
1020 Highland Colony Parkway – Suite 1400
Ridgeland, Mississippi 39157
Telephone: (601) 948-5711
Facsimile: (601) 985-4500
Email: Robin.Taylor@butlersnow.com

## CERTIFICATE OF SERVICE

I, Robin Banck Taylor, hereby certify that on this date I electronically filed the above and foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Louis H. Watson, Jr. (MS Bar No. 9053)
Nick Norris (MS Bar No. 101574)
WATSON & NORRIS, PLLC
4209 Lakeland Drive #365
Flowood, MS 39232-9212

**ATTORNEYS FOR PLAINTIFF**

This the 15th day of November 2023.

*/s/ Robin Banck Taylor*
ROBIN BANCK TAYLOR