# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**TINA MCNEAL**                                                         **PLAINTIFF**

**V.**                                    **CIVIL ACTION NO. 4:23-cv-180-DMB-DAS**

**PREMIER MEDICAL MANAGEMENT**
**OF MISSISSIPPI, INC.**                                                    **DEFENDANT**

---

### DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS
### MOTION FOR SUMMARY JUDGMENT

---

This is a simple case, despite Plaintiff Tina McNeal's ("McNeal") efforts to portray it otherwise, and the operative facts remain undisputed:

- McNeal was told by her direct supervisor on February 27, 2023, that her PTO request for that day was denied and that she could not leave;[1]

- McNeal left the facility anyway;[2]

- Premier Medical Management of Mississippi, Inc. ("PMM") planned to address the situation in a disciplinary meeting with McNeal;[3]

- Before PMM was able to meet with McNeal, she confronted her supervisor on February 28, 2023, in front of patients and employees in a disrespectful and unprofessional manner, "rais[ing her] voice," calling him "unprofessional and selfish," instructing him to "go back to [his] office," and refusing to leave the facility;[4]

- PMM investigated and confirmed McNeal's inappropriate and insubordinate behavior based on eyewitness accounts that also described McNeal having called her supervisor "ridiculous" and having attracted the attention of patients with her actions while her supervisor spoke "in a calm tone;"[5]

- After McNeal's outburst on February 28, a collective group of six (6) decisionmakers discussed her misconduct and ultimately decided to terminate her employment based on the events of February 27 and 28.[6]

---

[1] *Excerpts of EEOC Investigation File (McNeal's EEOC Charge)*, p. 10; Dkt. No. 38, p. 3; *Cockroft Dec.*
[2] *McNeal Dep.*, pp. 163-64; Dkt. No. 38, p. 3; *Cockroft Dec.*; *Wes Carter Dec.*
[3] *Cockroft Dec.*; *Reiber Dec.*; *Wes Carter Dec.*; *McNeal Dep.*, pp. 171-72.
[4] *McNeal Dep.*, pp. 174-75, 177, 199-200; *Cockroft Dec.*; *Investigation Notes and Witness Statements*.
[5] *Wes Carter Dec.*; *Investigation Notes and Witness Statements*.
[6] *McNeal Dep.*, p. 193; *Cockroft Dec.; Wes Carter Dec.; Reiber Dec.; Dr. Benjamin Carter Dec.; Withers Dec.; Morris Dec.*

McNeal offers no evidence whatsoever disputing PMM's actual reasons for terminating her employment: 1) refusing to perform work as instructed by her supervisor; 2) leaving the facility after being told that her request for time off was not approved, and 3) subsequently and loudly arguing with her supervisor in front of patients and other PMM employees in a disrespectful and unprofessional manner. *McNeal Dep.*, p. 193; *Reiber Dec; Cockroft Dec.; Wes Carter Dec.; Dr. Benjamin Carter Dec.; Dr. James Withers Dec.; Becky Morris Dec.*; *PMM Employee Counseling Report.* Instead, McNeal attempts to avoid summary judgment by arguing that PMM should have granted her PTO request on February 27. Her disagreement with PMM's denial of her request for time off does not excuse her subsequent misconduct and does not show that PMM's termination of her employment for her admitted misconduct is a pretext for age or race discrimination. Because no genuine issue of material fact exists with regard to McNeal's claims brought pursuant to the ADEA and Title VII, summary judgment is appropriate and warranted as a matter of law.[7]

**ARGUMENT**

I. **McNeal's Contradictory Declaration Does Not Create a Genuine Dispute of Material Facts and Should be Disregarded.**

As an initial matter, McNeal's affidavit, which contains only general allegations and broad, unsupported speculation, falls far short of the specificity required to avoid summary judgment and should be disregarded. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 112 S. Ct. 2130, 2134, 119 L. Ed. 2d 351 (1992) ("To survive a summary judgment motion, [McNeal] must set forth by affidavit

---

[7] McNeal concedes that her retaliation claims under Title VII and 42 U.S.C. § 1981 fail as a matter of law and should be dismissed. *See* Dkt. No. 38, pp. 24-25. McNeal has also abandoned her race discrimination claim under 42 U.S.C. § 1981 by failing to address PMM's arguments in support of summary judgment, and this claim, too, must therefore be dismissed. *See id.*, pp. 16-24; *See Williams v. Delta Bus Lines, Inc.*, 2024 WL 560631, at *13 (N.D. Miss. Feb. 12, 2024) (dismissing as abandoned claims not argued in response to motion for summary judgment) (citing *Terry Black's Barbecue, LLC v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 459 (5th Cir. 2022).

or other evidence <u>specific facts</u> to support [her] claim.") (emphasis added).

Additionally, McNeal "cannot defeat a motion for summary judgment by submitting an affidavit which directly contradicts, without explanation, [her] previous testimony." *Chambliss v. Wal-Mart Stores, Inc.*, 2015 WL 5009698, at *3-4 (S.D. Miss. Aug. 21, 2015) (quoting *Albertson v. T.J. Stevenson & Co.*, 749 F.2d 223, 228 (5th Cir. 1984) (further citations omitted)). McNeal alleges – for the first time – in her affidavit, prepared and submitted in response to PMM's motion, that other, <u>unnamed</u> individuals outside the protected classes were treated more favorably with regard to PMM's enforcement of its leave request policies. *See* Dkt. No. 37-1. However, McNeal previously testified under oath that she had no personal knowledge of any other physical therapist engaging in similar conduct as McNeal. *See McNeal Dep.*, pp. 212-13.[8] This Court should disregard the contradictory, nonspecific, and unsubstantiated assertions of Ms. McNeal's affidavit.[9] *See Doe ex rel. Doe v. Dallas Indep. School Dist.*, 220 F.3d 380, 386 (5th Cir. 2000) ("If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the

---

[8] McNeal testified:

Q. Do you know any other situation where another physical therapist didn't submit for approval for time off and then, when confronted by Mr. Cockroft and told that it wasn't approved, left anyway?
A. **I am not aware of any.** . . . **I wouldn't know**.
Q. And do you know of any other physical therapist who got in a verbal argument with Mr. Cockroft after he denied their request for paid time off?
. . .
A. **Not that I'm aware of.**
. . .
A. **I cannot truthfully tell you. I can only tell you about Tina.**

*McNeal Dep.*, pp. 212-13 (emphasis added).

[9] Similarly, the Court should disregard McNeal's claim in her Response that another black female employee was terminated for "questioning the reasons behind her write-up." Dkt. No. 38, p. 5. This irrelevant and unsupported allegation is directly contradicted by McNeal's sworn deposition testimony, where she testified that this employee occupied a different position (secretary), that McNeal had no personal knowledge of whether the employee engaged in any type of misconduct warranting termination, that McNeal could not clearly remember the circumstances surrounding the employee's discharge, and that McNeal believes she heard that the employee was discharged for "[b]eing on the phone during work hours maybe and eating outside of lunch." *McNeal Dep.*, pp. 106-09.

or other evidence <u>specific facts</u> to support [her] claim.") (emphasis added).

Additionally, McNeal "cannot defeat a motion for summary judgment by submitting an affidavit which directly contradicts, without explanation, [her] previous testimony." *Chambliss v. Wal-Mart Stores, Inc.*, 2015 WL 5009698, at *3-4 (S.D. Miss. Aug. 21, 2015) (quoting *Albertson v. T.J. Stevenson & Co.*, 749 F.2d 223, 228 (5th Cir. 1984) (further citations omitted)). McNeal alleges – for the first time – in her affidavit, prepared and submitted in response to PMM's motion, that other, <u>unnamed</u> individuals outside the protected classes were treated more favorably with regard to PMM's enforcement of its leave request policies. *See* Dkt. No. 37-1. However, McNeal previously testified under oath that she had no personal knowledge of any other physical therapist engaging in similar conduct as McNeal. *See McNeal Dep.*, pp. 212-13.[8] This Court should disregard the contradictory, nonspecific, and unsubstantiated assertions of Ms. McNeal's affidavit.[9] *See Doe ex rel. Doe v. Dallas Indep. School Dist.*, 220 F.3d 380, 386 (5th Cir. 2000) ("If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the

---

[8] McNeal testified:

Q. Do you know any other situation where another physical therapist didn't submit for approval for time off and then, when confronted by Mr. Cockroft and told that it wasn't approved, left anyway?
A. **I am not aware of any.** . . . **I wouldn't know**.
Q. And do you know of any other physical therapist who got in a verbal argument with Mr. Cockroft after he denied their request for paid time off?
. . .
A. **Not that I'm aware of.**
. . .
A. **I cannot truthfully tell you. I can only tell you about Tina.**

*McNeal Dep.*, pp. 212-13 (emphasis added).

[9] Similarly, the Court should disregard McNeal's claim in her Response that another black female employee was terminated for "questioning the reasons behind her write-up." Dkt. No. 38, p. 5. This irrelevant and unsupported allegation is directly contradicted by McNeal's sworn deposition testimony, where she testified that this employee occupied a different position (secretary), that McNeal had no personal knowledge of whether the employee engaged in any type of misconduct warranting termination, that McNeal could not clearly remember the circumstances surrounding the employee's discharge, and that McNeal believes she heard that the employee was discharged for "[b]eing on the phone during work hours maybe and eating outside of lunch." *McNeal Dep.*, pp. 106-09.

utility of summary judgment as a procedure for screening out sham issues of fact.") (citation omitted).

## II.  McNeal Failed to Establish a Prima Facie Case of Age or Race Discrimination.

McNeal does not dispute that after her termination, her former job duties were reassigned to other existing employees in addition to their job duties. McNeal also does not dispute that PMM did not hire an additional physical therapist until more than six (6) months after her termination and only after other staffing changes impacted PMM's overall capacity. Finally, McNeal does not dispute that PMM initially offered the additional physical therapist position to an individual who is older than McNeal. *Cockroft Dec*; *Wes Carter Dec*.

McNeal attempts to avoid the undisputed fact that PMM offered a physical therapist position to someone older than McNeal by arguing that this Court must only "look[] at what person was ultimately hired for the position," relying on *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). *See* Dkt. No. 38, p. 10. However, this is not the issue or holding in *Reeves* where it was undisputed that the plaintiff satisfied his prima facie burden. *Reeves,* 530 U.S. at 142.; *see also Bilbrew v. Mississippi Bd. of Nursing*, 2018 WL 3405504, at *3 (S.D. Miss. July 12, 2018) ("A Title VII plaintiff fails to create a material fact issue on the replacement element of her prima facie case when she points only to an 'ultimate' replacement outside her protected class.") (citation omitted).

Further, the Fifth Circuit has held that "an employee has not been 'replaced' when his former duties are distributed among other co-workers." *Griffin v. Kennard Indep. Sch. Dist.,* 567 F. App'x 293, 295 (5th Cir. 2014) (citations omitted). This Court and others have also found that plaintiffs fail to satisfy their prima facie burden where their former duties are distributed among other co-workers. *See, e.g., Wong*, 2017 WL 6028356, at *7 ("[T]his Court finds Dulin's reasoning

largely persuasive and concludes that, under Fifth Circuit law, a plaintiff is not replaced when his duties are 'reassigned to existing employees.'"); *Wagoneka v. KT&G USA Corp.*, 2020 WL 6065037 at *4 (E.D. Tex. Oct. 14, 2020); *Bilbrew*, 2018 WL 3405504 at *3.

Contrary to McNeal's assertions, the Fifth Circuit in *Sandstad v. CB Richard Ellis, Inc.*, expressly did <u>not</u> decide whether the plaintiff's evidence that the employer restructured its business divisions after his termination was sufficient to satisfy his prima facie burden and instead affirmed summary judgment in the employer's favor because the plaintiff failed to offer sufficient evidence of pretext. *Sandstad*, 309 F.3d 893, 900-01 (5th Cir. 2002). Likewise, McNeal's reliance on *Howard v. United Parcel Service, Inc.*, 447 F. App'x 626 (5th Cir. 2011) is also misplaced as the facts of that case are clearly distinguishable.[10] Here, it is undisputed that McNeal's job duties were reassigned to multiple existing employees. As such, McNeal cannot demonstrate that she was "replaced" and cannot satisfy the fourth element of her prima facie case.

Moreover, PMM only hired an additional physical therapist after another provider's voluntary resignation more than six (6) months later. McNeal admits as much in her Response. *See* Dkt. No. 38, p. 9 ("Defendant may have never replaced Plaintiff's position but for the fact that another provider . . . resigned."). As such, McNeal has failed to demonstrate that PMM replaced

---

[10] In *Howard*, the Fifth Circuit, in an unpublished opinion, affirmed the plaintiff's prima facie case where the employer demoted the plaintiff, eliminated his position, and then reassigned his former job duties to a single employee outside the protected class. *Id.*, at 629 n.2. However, McNeal fails to acknowledge that the Fifth Circuit has reached the opposite result on a number of other occasions, both before and after *Howard*, as previously recognized by this Court. *See Wong v. Lighthouse Point, LLC*, 2017 WL 6028356, at * 6-8 (N.D. Miss. Dec. 5, 2017) (collecting cases). For example, just three (3) years after *Howard*, another Fifth Circuit panel held that the plaintiffs failed to establish they were "replaced" where their employer "did not hire anyone to replace" them and "instead distributed their . . . duties to other employees." *Griffin*, 567 F. App'x at 295. The *Griffin* panel relied on two (2) earlier Fifth Circuit opinions – *Rexes v. Goodyear Tire & Rubber Co.*, 401 F. App'x 866, 868 (5th Cir. 2010), and *Dulin v. Dover Elevator Co.*, 139 F.3d 898, 1998 WL 127729, at *3 (5th Cir. Mar. 2, 1998) (table decision). As is the case here, the plaintiffs' job duties in *Rexes* and *Dulin* were not absorbed by a single individual but were reassigned to multiple existing employees. *Rexes*, 401 F. App'x at 868; *Dulin*, 1998 WL 127729, at *2-3. The *Rexes* court also noted that the job duties of one of the alleged replacements differed in a "number of material" respects from the plaintiff, just as McNeal's job duties differed significantly from the physical therapy assistants who, along with PMM's other physical therapists, took on some of McNeal's duties. *Rexes*, 401 F. App'x at 868; *McNeal Dep.*, pp. 41, 216.

her by hiring an additional physical therapist six (6) months after her termination and cannot rely on these facts to satisfy the fourth element of her prima facie case under either the ADEA or Title VII. *See Hauser v. Schneider Elec. Sys. USA, Inc.*, 2019 WL 13251124 (S.D. Tex. May 29, 2019); *McDaniel v. Wal-Mart Stores, Inc.*, 94 F.Supp.2d 878, 882 (N.D. Ohio 2000); *Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1422 (9th Cir. 1990). Because McNeal fails to meet her initial burden to demonstrate a prima facie case of discrimination based on either age or race, her claims fail as a matter of law and should be dismissed.

### III. McNeal Failed to Rebut PMM's Legitimate, Nondiscriminatory Reasons for Her Termination.

Even if McNeal had demonstrated a prima facie case of intentional discrimination in response to PMM's Motion, her claims would still fail as a matter of law because she has not rebutted PMM's legitimate, nondiscriminatory reasons for terminating her employment. The Fifth Circuit has made clear that to avoid summary judgment, McNeal must establish through "substantial evidence" that PMM's reasons for terminating her employment were merely pretext for unlawful discrimination. *Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir. 2003). McNeal could have met this burden by identifying evidence of disparate treatment or evidence showing PMM's reasons were false or unworthy of credence, but she failed to do so. *Vaughn v. Woodforest Bank*, 665 F.3d 632, 637 (5th Cir. 2011) (ADEA); *Suggs v. Lowndes Cnty. Sch. Dist.*, 804 F.Supp.2d 510, 515 (N.D. Miss. Apr. 11, 2011) (Title VII). Instead, McNeal's complete lack of evidence regarding pretext is laid bare in her response, which focuses exclusively on her admitted violation of PMM's leave request policies and largely ignores her misconduct on February 27 and 28 that led to PMM's decision to terminate her employment.

Importantly, McNeal admits PMM's leave request policies required that requests be submitted at least two (2) weeks in advance and that the policy was "more strictly enforced during

the last 2-3 years of [her] employment." Dkt. No. 37-1, p. 1. According to McNeal, she believed her time off request would be approved and that if not, she "should have been notified before the day of the basketball game that [she] could not attend." *Id.*, at p. 3. However, McNeal admits Mr. Cockroft was not aware of her request before February 27,[11] admits she "was told that her time off [request] was not approved," admits she was told that "[Dee] Cockroft could not make [the] decision" to grant McNeal's request to be absent from work, and admits she was told not to leave. Dkt. No. 38, pp. 3, 14; *Excerpts of Equal Employment Opportunity Commission Investigation File (McNeal's EEOC Charge)*, p. 10 ("On February 27, I left my PTO sheet on Mr. Scotts (sic) desk. Later that day, Mr. Scott came to my cubicle, frustrated, stating that I could not leave as theyve (sic) already lost money."). McNeal admits she left work and attended the basketball game anyway. *McNeal Dep.*, p. 164; Dkt. No. 38, p. 3.

Although unaddressed in her response to PMM's Motion, McNeal admitted under oath that she confronted her supervisor the next day in front of patients and other employees, "rais[ing her] voice," calling him "unprofessional and selfish," and instructing him to "go back to [his] office." *McNeal Dep.*, pp. 174-75, 177, 199-200. Likewise, McNeal also fails to acknowledge in her response to summary judgment – but admitted under oath – that she was instructed to leave the facility after this incident but that she refused to do so. *Id.*, pp. 199-200.

While McNeal speculates (without evidence) that PMM inconsistently applied its leave request policies, this does not demonstrate pretext. First, McNeal has no probative evidence that unnamed "other employees" were also allowed to take time off without submitting a request form pursuant to PMM's policies.[12] Moreover, even if McNeal had been permitted previously to take

---

[11] *See* Dkt. No. 37-1, p. 3.

[12] As discussed above herein, McNeal's allegations that unnamed "other employees" were also allowed to take time off without submitting a request form pursuant to PMM's policies are not competent summary judgment

7

time off despite failing to submit timely requests as repeatedly instructed, she does not dispute that PMM informed her that her time off request on February 27th was denied.

Most importantly, PMM did not terminate McNeal's employment because she failed to submit a timely request for the basketball game on February 27, and McNeal admits as much. *See McNeal Dep.*, p. 193 ("And I remember [Reiber] saying to the extent that, "Well, initially after what happened Monday, we were just going to place you on suspension. But then what was said on Tuesday and what happened Tuesday led to termination."); Dkt. No. 38, p. 5. McNeal admits that the decision to discharge her was made by PMM only after her confrontation of her supervisor in front of patients and employees.[13] *Id.*

Because McNeal admits she engaged in this misconduct and because she offers no evidence demonstrating that any other similarly situated employee outside the protected classes was retained after failing to comply with PMM's leave request policies, disobeying a direct order to remain at work, and confronting their supervisor in front of patients and employees in a disrespectful and unprofessional manner – i.e., the reasons PMM determined McNeal's employment should be terminated – her claims fail as a matter of law and should be dismissed.

At base, McNeal offers this Court no more than her own opinion that her employment should not have been terminated after she admittedly failed to notify her supervisor in a timely and appropriate manner of her request for time off, ignored her supervisor's denial of her request and

---

evidence. *See Section II*, above herein. Furthermore, her reliance on *Reeves* is again misplaced as that case involved questions about whether an employee actually engaged in the alleged misconduct, not whether the employer applied its policies inconsistently. *Reeves*, 530 U.S. at 145, 120 S. Ct. at 2107. Likewise, McNeal's assertion that *Woodhouse v. Magnolia Hosp.*, 92 F.3d 248 (5th Cir. 1996) supports her arguments is also incorrect. In *Woodhouse*, the plaintiff alleged the employer did not follow its own policies when it eliminated her position and did not rehire her for other positions, not that it disciplined her for violation of policies that were inconsistently applied. *Id.*, at p. 255. In short, McNeal offers no evidence that PMM applied its policies inconsistently and no authority supporting her request that this Court ignore PMM's true reasons for terminating her employment.

[13] McNeal also fails to rebut PMM's evidence that the decision to terminate her employment was made collectively by multiple levels of senior management after a full investigation into her misconduct. *Wes Carter Dec.*

8

left work anyway, then confronted her supervisor in front of patients and other employees in an unprofessional manner and refused to leave the premises as instructed. The Court should not accept McNeal's invitation to second-guess PMM's business judgment where no evidence of unlawful discrimination has been presented. *See Hoang v. Microsemi Corp.*, 2023 WL 2346244, at *4 (5th Cir. Mar. 3, 2023). PMM is entitled to judgment as a matter of law, and this action should be dismissed in its entirety.

## CONCLUSION

As demonstrated above herein and in PMM's initial Memorandum in Support of its Motion for Summary Judgment, there are no genuine issues of material fact that necessitate a trial of this matter, and PMM is entitled to judgment as a matter of law. Accordingly, PMM respectfully requests summary judgment in its favor on all claims under Rule 56 of the Federal Rules of Civil Procedure and dismissal of this action in its entirety with prejudice.

THIS, the 25th day of October, 2024.

Respectfully submitted,

**PREMIER MEDICAL MANAGEMENT OF MISSISSIPPI, INC.,** Defendant

By: */s/ Robin Banck Taylor*
Robin Banck Taylor (MS Bar No. 100195)

**OF COUNSEL**:
Robin Banck Taylor (MS Bar No. 100195)
Blythe K. Lollar (MS Bar No. 104554)
BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
P.O. Box 6010
Ridgeland, MS 39158-6010
Phone: (601) 948-5711
Fax: (601) 985-4500
E-mail: robin.taylor@butlersnow.com
E-mail: blythe.lollar@butlersnow.com

**CERTIFICATE OF SERVICE**

    I, Robin Banck Taylor, one of the attorneys for Defendant Premier Medical Management of Mississippi, Inc., do hereby certify that I have this day electronically filed a true and correct copy of the above and foregoing document with the Clerk of Court using the ECF electronic court-filing system, which sent notification of such filing to counsel of record as follows:

    Louis H. Watson, Jr.
    Nick Norris
    WATSON & NORRIS, PLLC
    4209 Lakeland Drive #365
    Flowood, MS  39232-9212
    louis@watsonnorris.com
    nick@watsonnorris.com

    **ATTORNEYS FOR PLAINTIFF**

THIS, the 25th day of October, 2024.

                                          */s/  Robin Banck Taylor*
                                          ROBIN BANCK TAYLOR