IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**TINA MCNEAL**                                                                                    **PLAINTIFF**

**V.**                                                           **CIVIL ACTION NO. 4:23-cv-180-DMB-DAS**

**PREMIER MEDICAL MANAGEMENT**
**OF MISSISSIPPI, INC.**                                                        **DEFENDANT**

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE
TO EXCLUDE BROAD ALLEGATIONS OF AGE OR RACE DISCRIMINATION
AND EVIDENCE OF UNRELATED INCIDENTS AND INDIVIDUALS
NOT SIMILARLY SITUATED**

Defendant Premier Medical Management of Mississippi, Inc. ("PMM") submits this memorandum in support of its Motion *in limine* for entry of an Order excluding evidence regarding any allegations that PMM has a "pattern or practice", culture, history, or similarly broad allegation of age or race discrimination.

Should this case go to trial, it is anticipated that Plaintiff Tina McNeal ("McNeal") may attempt to make reference to or introduce oral and/or documentary evidence concerning individuals not similarly situated to McNeal. As McNeal has not alleged any disparate impact claim, any reference to PMM having a "pattern and practice", culture, history, or similarly broad allegations of age or race discrimination, including allegations that PMM has a "pattern and practice" of terminating older employees or African American employees and/or specific allegations of discrimination against PMM employees not similarly situated to McNeal, are irrelevant and should be excluded. Such reference or evidence should be excluded because it would not have a tendency to prove any material element of McNeal's case and would only serve to confuse the issues, mislead the jury and prejudice the jury's view of the relevant facts.

**FACTUAL BACKGROUND**

This case involves PMM's termination of McNeal's employment after she admittedly failed to notify her supervisor in a timely and appropriate manner of her request for time off, ignored her supervisor's denial of her request and left work anyway, then confronted her supervisor in front of patients and other employees in an unprofessional manner and refused to leave the premises as instructed. In response to the termination of her employment, McNeal filed suit, alleging intentional discrimination on the basis of race and age, and unlawful retaliation. In response to PMM's motion for summary judgment, McNeal has conceded and abandoned her retaliation claims. PMM's motion for summary judgment seeking the dismissal with prejudice of McNeal's remaining claims for race and age discrimination is currently pending before the Court.

**ARGUMENT**

Based on the deposition testimony in this case, PMM anticipates that McNeal, her witnesses, or her counsel may make conclusory allegations against PMM of broad age and/or race discrimination. McNeal, her counsel, and her witnesses should be precluded from presenting any reference to PMM having a "pattern and practice", culture, history, or similarly broad allegations of age or race discrimination, including allegations that PMM has a "pattern and practice" of terminating older employees or African American employees and/or specific allegations of discrimination against PMM employees not similarly situated to Plaintiff.

McNeal has not alleged any claims of disparate impact discrimination. Moreover, a "pattern or practice" of discrimination does not consist of "isolated or sporadic discriminatory acts by the employer." *Cooper v. Federal Reserve Bank of Richmond*, 467 U.S. 867, 875, 104 S.Ct. 2794, 2799, 81 L.Ed.2d 718 (1984). Rather, as the Supreme Court has explained, "it must be

2

established by a preponderance of the evidence that '[the impermissible] discrimination was the company's standard operating procedure—the regular rather than the unusual practice." *Cooper*, 104 S. Ct. at 2799 (citations omitted).

As McNeal has not alleged any disparate impact claim, no "pattern and practice" or disparate impact matters are relevant to the issues in this case. Further, evidence regarding the circumstances of other employees' termination or employment have absolutely nothing to do with McNeal or her claims in this case, are wholly irrelevant, and are not designed to make any fact more likely than not in the present case. "Mere uncorroborated hearsay or rumor does not constitute substantial evidence." *Consolidated Edison Co. of New York v. NLRB*, 305 U.S. 197, 229 (1938). Testimony from former employees who are not similarly situated to McNeal is not probative evidence of the circumstances regarding McNeal's termination. *See Wyvill v. United Companies Life Ins. Co.*, 212 F.3d 296, 302 (5th Cir. 2000); *see also Goff v. Continental Oil Co.*, 678 F.2d 593, 596–97 (5th Cir. 1982) (upholding the exclusion of testimony from former employees who did not work with plaintiff and who had no personal knowledge of the events surrounding plaintiff's discharge), *overruled on other grounds by Carter v. South Cent. Bell*, 912 F.2d 832(5th Cir. 1990).

Moreover, for PMM's treatment of other employees to be relevant to the issue of discrimination against McNeal, those other employees must have been "similarly situated" to McNeal. *See Martin v. Budget Rent–A–Car Sys. Inc.,* 432 F. App'x 407, 410 (5th Cir. 2011) ("Martin's argument that [the comparators] are similarly situated simply because they are all responsible for 'providing a service to customers' does not meet the nearly identical standard. If it did, every employee of a company would be considered to have the same job responsibilities simply by virtue of providing customer service."); *Hoffman v. Baylor Health Care Sys.,* 597 F.

3

App'x 231, 233, 236–37 (5th Cir. 2015) (finding a nurse and a hospital's unit clerk "excessively dissimilar" from an MRI technician because they worked in different departments and the technician was solely responsible for complying with safety standards). Whether two employees are "similarly situated" for purposes of a discrimination claim turns not on whether their situations are "similar" but instead on whether they are "**nearly identical**." *Atterberry v. City of Laurel*, 401 F. App'x 869, 2010 U.S. App. LEXIS 23298, 2010 WL 4561339, at*2 (5th Cir. 2010) (emphasis added) (citing *Williams v. Trader Publg. Co.*, 218 F.3d 481, 484 (5th Cir. 2000)). Employees may be similarly situated only if they had the same supervisor, and the decisions regarding their employment were made by the same decisionmakers. *Atterberry*, 2010 WL 4561339, at*2.

As the Fifth Circuit has noted, the admission of such anecdotal evidence of other employee's claims creates mini-trials and can be unduly prejudicial:

> The prejudice worked by this testimony was all the greater because of the mini-trials' effectiveness. As noted above, the anecdotal witnesses all held similar senior level positions with the Lending Company and could be said to have been similarly situated to one another. In addition to contending that they had suffered from age discrimination, the witnesses claimed personal knowledge of the events surrounding each other's terminations. Their testimony would have been relevant if they had been plaintiffs, but they were not, and the fact that these witnesses made each other's case so well distracted attention from the fact that they had little to say about Wyvill's and Waldrop's terminations.

*Wyvill,* 212 F.3d at 303. Any references to alleged discrimination against individuals who are not similarly situated to McNeal would require PMM to defend itself against those references, unnecessarily complicating and lengthening the trial of this case. Accordingly, McNeal should be precluded from presenting any reference to such matters.

Reference to such issues should thus be precluded as irrelevant. FED. R. EVID. 402. Moreover, any probative value regarding these issues would be substantially outweighed by the

4

dangers of unfair prejudice to PMM, confusion of the issues, misleading of the jury, and undue delay. FED. R. EVID. 403. Any attempt by McNeal or McNeal's counsel to admit such evidence could only be designed to prejudice PMM in the eyes of the jury. Such references, therefore, should be excluded under Rule 403.

## CONCLUSION

For the foregoing reasons, PMM respectfully requests an Order precluding McNeal from offering any evidence or testimony or otherwise making reference to any allegations that PMM has a "pattern or practice", culture, history, or similarly broad allegation of age or discrimination.

THIS, the 18th day of December, 2024.

                    Respectfully submitted,

                    **PREMIER MEDICAL MANAGEMENT OF MISSISSIPPI, INC.,**
                    Plaintiff

By:   */s/ Blythe K. Lollar*
       Robin Banck Taylor (MS Bar No. 100195)
       Blythe K. Lollar (MS Bar No. 104554)

       ATTORNEYS FOR DEFENDANT

OF COUNSEL:

BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
P.O. Box 6010
Ridgeland, MS 39158-6010
Phone: (601) 948-5711
Fax: (601) 985-4500
robin.taylor@butlersnow.com
blythe.lollar@butlersnow.com

**CERTIFICATE OF SERVICE**

I, Blythe K. Lollar, one of the attorneys for Defendant Premier Medical Management of Mississippi, Inc., do hereby certify that I have this date filed the above and foregoing pleading with the Court's ECF system which sent notice to the following counsel of record:

>Louis H, Watson, Jr.
>Nick Norris
>WATSON & NORRIS, PLLC
>4209 Lakeland Drive #365
>Flowood, MS  39232-9212
>louis@watsonnorris.com
>nick@watsonnorris.com

**ATTORNEYS FOR PLAINTIFF**

THIS, the 18th day of December, 2024.

>*/s/ Blythe K. Lollar*
>BLYTHE K. LOLLAR

6