IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**TINA MCNEAL**                                                                         **PLAINTIFF**

v.                                               **CIVIL ACTION NO.: 4:23-cv-180-DMB-DAS**

**PREMIER MEDICAL MANAGEMENT**                            **DEFENDANT**
**OF MISSISSIPPI, INC.**

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE CONCEDED CLAIM**

      **COMES NOW** Plaintiff Tina McNeal ("McNeal" or "Plaintiff") respectfully submits this response in opposition to Defendant Premier Medical Management of Mississippi, Inc.'s ("PMM" or "Defendant") Motion *in Limine* to exclude evidence regarding conceded and abandoned claims.

**I.     INTRODUCTION**

      Defendant's motion seeks to exclude evidence and references related to Plaintiff's previously conceded retaliation claims. Defendant argues that such evidence is irrelevant, prejudicial, and would lead to jury confusion. However, as discussed below, Plaintiff contends that references to the abandoned retaliation claims are neither improper nor irrelevant, and their exclusion would be overly restrictive, preventing Plaintiff from fully presenting the context of her claims. Additionally, excluding this evidence could unfairly skew the jury's understanding of the case, preventing them from seeing the full picture of the discriminatory acts that Plaintiff experienced. Therefore, Plaintiff requests that Defendant's motion be denied.

**II.    FACTUAL BACKGROUND**

      While Plaintiff acknowledges that her retaliation claims were conceded in her response to Defendant's motion for summary judgment, she did not abandon the

fundamental context and factual background of her case. McNeal's claims of age and race discrimination, which remain before this Court, are intricately tied to the same factual events that underpinned her earlier retaliation claims. Excluding this context would unnecessarily limit Plaintiff's ability to demonstrate the pattern of unfair treatment she experienced, which is essential to the jury's understanding of her remaining claims.

### III. ARGUMENT

#### A. The Context of Retaliation and Discrimination Claims are Intertwined

Plaintiff's remaining claims for race and age discrimination are grounded in the same factual narrative that includes the alleged retaliatory conduct. While Plaintiff acknowledges the abandonment of the retaliation claim itself, the facts surrounding her termination—including the unprofessional treatment, failure to adhere to workplace policies, and the overall hostile work environment—are not only relevant but essential to understanding the larger pattern of discriminatory conduct. These events, particularly the actions of her supervisor and their impact on Plaintiff's employment, are not isolated incidents but directly relate to the broader context in which the discriminatory acts occurred.

Specifically, the unprofessional conduct that McNeal experienced, including being denied PTO, improperly reprimanded, and subjected to verbal hostility, serves as crucial evidence to demonstrate that PMM's treatment of her was discriminatory based on both her race and age. Such conduct is part of the broader pattern of behavior that McNeal alleges was discriminatory, and excluding it would artificially limit the jury's understanding of the systemic nature of her mistreatment. The jury must understand the

pattern of behavior leading to McNeal's termination, and without it, they would be left with an incomplete and misleading picture.

The Fifth Circuit has consistently held that even if a claim is dismissed, evidence related to that claim may still be admissible if it provides important context for understanding the remaining claims. In *Pineda v. United Parcel Service, Inc.*, the court emphasized that evidence of conduct related to a dismissed claim is admissible when it helps the jury understand the broader context of the case. *Pineda v. United Parcel Service, Inc.*, 360 F.3d 483, 487 (5th Cir. 2004). In *Pineda*, the Fifth Circuit explained that even dismissed retaliation claims could provide context for discrimination claims, particularly when the factual circumstances overlap. *Id.* This is especially true when the dismissed claim shares a factual overlap with the remaining claims, as is the case here with McNeal's discrimination claims.

Moreover, the Fifth Circuit has consistently held that evidence of retaliatory conduct tied to discriminatory animus is admissible to establish pretext in a discrimination claim. For example, in *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147 (2000), the Supreme Court held that a plaintiff can establish pretext by demonstrating that the employer's reasons for an adverse action are false and that discriminatory animus was the true motive. Similarly, the Fifth Circuit in *Laxton v. Gap, Inc.*, reiterated that once a plaintiff demonstrates that an employer's stated reason for an adverse employment action is false, the jury may infer that the real reason is discriminatory or retaliatory. *Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir. 2003). This ruling highlights that evidence of retaliatory conduct is central to showing that an

3

employer's stated reason is pretextual and that the real motive was rooted in discriminatory or retaliatory animus. *Id.*

In this case, McNeal's termination was preceded by actions that could be considered retaliatory, including the harsh treatment by her supervisor. This conduct is directly relevant to showing that PMM's stated reasons for McNeal's termination—such as her alleged misconduct—were pretextual. Evidence of retaliatory conduct helps to shed light on the employer's true motive, which may have been discriminatory, rather than rooted in McNeal's alleged failure to follow workplace policies. As the Fifth Circuit explained in *Laxton*, such evidence allows a reasonable jury to infer that the employer's actions were motivated by discriminatory or retaliatory intent. *Laxton*, 333 F.3d at 578.

The relevance of these facts is further supported by FRE 401, which permits the admission of relevant evidence—defined as evidence that "has any tendency to make a fact more or less probable than it would be without the evidence." In this case, the actions surrounding McNeal's termination, including the unprofessional treatment and the broader environment at PMM, are critical to understanding the likelihood that McNeal's termination was influenced by race and age discrimination. Without this context, the jury may be left with an incomplete or skewed view of the events leading to McNeal's firing.

Furthermore, FRE 404(b) allows for the introduction of evidence related to prior conduct to establish motive, opportunity, intent, or knowledge. In this instance, the evidence of McNeal's supervisor's past actions, though linked to an abandoned retaliation claim, is directly relevant to establishing a pattern of behavior that could have motivated McNeal's termination on discriminatory grounds. The conduct surrounding the

4

retaliation claim is not isolated from the race and age discrimination claims and should therefore be considered by the jury to determine whether PMM's stated reasons for her termination are credible.

By permitting evidence of the context surrounding McNeal's retaliatory treatment, the Court would ensure that the jury is fully informed and able to evaluate the broader picture of her claims. This approach would prevent the exclusion of potentially critical evidence and allow McNeal to establish the systemic nature of her mistreatment at PMM.

**B.     Admissibility of Abandoned Claims for Contextual Understanding**

The exclusion of these facts would unfairly prejudice Plaintiff's ability to present a comprehensive view of the circumstances surrounding her termination. Courts have long allowed the admission of evidence related to abandoned or dismissed claims when such evidence provides essential context for understanding the remaining claims. For instance, in *Pineda*, the Fifth Circuit allowed evidence related to a dismissed retaliation claim to be admitted because it provided important context for understanding the plaintiff's remaining claims of discrimination. *Pineda,* 360 F.3d at 487.  The court explained that even when certain claims are dismissed, evidence related to those claims may still be admissible if it helps to paint the full picture of the events, especially when the factual circumstances overlap with the remaining claims. *Id.* This principle is important because it ensures that the jury is not deprived of critical evidence that could help explain the employer's true motivations behind the adverse employment action.

In *Evans v. City of Houston*, the Fifth Circuit clarified that the dismissal of a claim does not automatically bar the admission of evidence related to that claim if it is relevant

to the plaintiff's remaining claims. *Evans v. City of Houston*, 246 F.3d 344, 352 (5th Cir. 2001). In *Evans*, the court permitted evidence of retaliation to inform the broader narrative of discrimination, as it helped establish the motivations behind the employer's actions. *Id.* Similarly, in this case, McNeal's abandoned retaliation claim provides essential context for her remaining race and age discrimination claims, particularly by shedding light on the overall work environment and the mistreatment she endured from her supervisors.

Here, the factual background, including McNeal's communications with her supervisors, the context of her termination, and the manner in which she was treated leading up to her firing, is essential to providing the jury with a full understanding of the alleged discriminatory conduct. The pattern of mistreatment, including the conduct that would have been relevant to the retaliation claim, is intrinsically tied to McNeal's allegations of racial and age discrimination. As such, excluding this evidence would deprive the jury of a complete understanding of the broader context, leading to an incomplete and potentially misleading picture.

Given this, the evidence related to the abandoned retaliation claim should be admissible under FRE 402, which allows for the admission of relevant evidence unless otherwise excluded by law. As *Pineda* and *Evans* demonstrate, when the facts underlying dismissed claims overlap with the remaining claims, those facts remain highly relevant and necessary for the jury to assess the overall context of the case.

    C.    **Relevance to Establishing Pretext for Discrimination**

Finally, evidence regarding McNeal's treatment and the actions surrounding her abandoned retaliation claims is critical for establishing pretext in her remaining race and

6

age discrimination claims. Pretext, in this context, refers to the idea that the employer's stated reasons for an adverse employment action may not be the true reasons, but rather a cover for discriminatory or retaliatory intent. Courts routinely allow evidence that may initially appear tangential to a particular claim if it is directly relevant to establishing the employer's motive or the falsity of their explanation.

For example, in *Reeves*, the U.S. Supreme Court held that once a plaintiff demonstrates that the employer's stated reason for an adverse action is false, the jury may infer that the true reason is discriminatory or retaliatory. *Reeves*, 530 U.S. 133 (2000). The Court emphasized that the falsity of the employer's explanation permits the jury to infer that the employer acted based on unlawful motives, such as discrimination or retaliation. *Id.*

Similarly, evidence related to McNeal's retaliation claims, though abandoned, is equally relevant in demonstrating that the reasons given for her termination—such as misconduct or policy violations—may have been a pretext to conceal discriminatory animus based on race and age. Allowing this evidence is essential to ensuring that the jury has a complete understanding of the broader context in which McNeal's termination occurred. It provides insight into the employer's true motivations, allowing the jury to fully assess whether the stated reasons for her termination were genuinely based on her actions or were instead a cover for unlawful discrimination.

This approach is consistent with FRE 404(b), which permits the introduction of evidence of prior acts or behavior to establish motive, opportunity, intent, preparation, plan, knowledge, or lack of mistake. In McNeal's case, evidence of retaliatory actions taken by her supervisors—including actions tied to her abandoned retaliation claim—

can help establish the discriminatory or retaliatory intent behind her termination. Such evidence not only aids in proving pretext but also contributes to painting a fuller picture of the systemic mistreatment McNeal alleges she endured during her employment. Therefore, this evidence is essential for the jury's proper evaluation of the employer's actions and the true motivations behind McNeal's dismissal.

### D. Any Potential Prejudice is Outweighed by the Need for Full Context

While Defendant argues that such evidence may be prejudicial, the probative value of understanding the full context of McNeal's claims far outweighs any potential prejudice. As the Supreme Court explained in *Old Chief v. United States*, evidence should not be excluded merely because it may be prejudicial; it must be excluded only if the prejudice substantially outweighs the probative value. *Old Chief v. United States*, 519 U.S. 172, 182 (1997). The Court emphasized that the potential for prejudice alone is insufficient to exclude evidence, and the court must balance the need for the evidence to establish critical facts against the risk of unfair harm to the defendant. *Id.* In *Old Chief*, the Court allowed the admission of potentially prejudicial evidence because it was directly relevant to understanding the defendant's conduct and motives.

In this case, the jury will need to understand the full context in order to make an informed decision about McNeal's remaining claims of age and race discrimination. McNeal's mistreatment by her supervisors, including evidence tied to the abandoned retaliation claim, is essential to understanding the broader environment in which her termination occurred. Excluding such evidence would deprive the jury of key facts that could help establish whether her termination was based on discriminatory or retaliatory motives, as opposed to the reasons offered by the Defendant. The jury must have the

complete picture of McNeal's treatment and the actions surrounding her termination in order to fairly assess the employer's true motivations.

Furthermore, the Defendant's motion to exclude this evidence appears to be a strategic attempt to limit the narrative surrounding McNeal's termination to one that favors its defense. By excluding evidence related to McNeal's mistreatment, the Defendant seeks to prevent the jury from considering the broader pattern of behavior that led to McNeal's firing. This is particularly concerning because the broader context—including the conduct tied to McNeal's abandoned retaliation claim—could significantly undermine the Defendant's defense and demonstrate pretext in the termination decision. As the Fifth Circuit explained in *Koehler v. Madison County*, the exclusion of critical evidence that is relevant to the overall case narrative deprives the jury of necessary information to reach a just verdict. *Koehler v. Madison County*, 499 F.3d 539, 542 (5th Cir. 2007). The court emphasized that withholding evidence that helps to clarify the employer's true motives is not justified simply because it may be prejudicial. *Id.* In *Koehler*, the court noted that relevant evidence must be considered in its full context to allow the jury to properly evaluate the employer's actions, even when there is a risk of prejudice. Such evidence is essential to understanding the broader picture of the case, including the motivations behind the employer's decisions. *Id.*

This argument is further supported by FRE 403**,** which allows the exclusion of relevant evidence only if its probative value is substantially outweighed by the risk of unfair prejudice, confusion, or undue delay. Here, the probative value of the evidence is clear. The evidence related to McNeal's mistreatment is central to understanding her claims of race and age discrimination and is crucial for establishing that the employer's

stated reasons for termination were pretextual. The risk of prejudice is minimal compared to the essential role that this evidence plays in providing the jury with a full and fair understanding of the facts. As the Fifth Circuit explained in *Koehler,* the exclusion of relevant evidence should only occur if its probative value is substantially outweighed by the risk of unfair prejudice, confusion, or undue delay. *Koehler*, 499 F.3d at 542. In that case, the court allowed the admission of evidence that could have been prejudicial because it was critical to the plaintiff's case and necessary for the jury to fully understand the employer's true motives. *Id.*

Ultimately, the exclusion of this evidence would deprive the jury of critical information that could help them determine whether McNeal's termination was truly based on the reasons offered by the Defendant or whether those reasons were a pretext for discrimination. Therefore, the probative value of this evidence clearly outweighs any minimal risk of prejudice, and it should be admitted for the jury's full consideration.

### E. Excluding Relevant Evidence Would Undermine Fairness and Prevent a Complete Defense

Defendant's motion seeks to prevent McNeal from presenting a full defense against the accusations of racial and age discrimination by excluding critical context. This exclusion would unfairly limit McNeal's ability to show the complete circumstances surrounding her termination and deny the jury a full understanding of the discriminatory environment at PMM. The evidence related to her mistreatment and the broader context of her working conditions—including the evidence tied to her abandoned retaliation claim—is directly relevant to her claims of racial and age discrimination. Without this information, the jury would lack essential facts needed to evaluate the true motives

behind McNeal's termination and assess whether PMM's stated reasons are pretextual. Excluding such evidence would result in an incomplete and misleading narrative, depriving McNeal of a fair opportunity to present her case fully.

As the Fifth Circuit explained in *Pineda*, evidence that is necessary to understand the full scope of a claim should not be excluded simply because related claims have been dismissed. *Pineda*, 360 F.3d at 487. The court emphasized that even evidence tied to dismissed claims may be admissible when it provides context and helps the jury understand the broader circumstances of the remaining claims. *Id.* In *Pineda*, the court allowed evidence of retaliatory conduct to inform the jury's understanding of the employer's discriminatory motives, even though the retaliation claim itself was dismissed. *Id.* This is particularly relevant here because the conduct related to McNeal's abandoned retaliation claim overlaps with the circumstances of her discrimination claims, including the treatment she received from her supervisors. By excluding such evidence, the jury would be deprived of a complete picture of the events leading to her termination.

Furthermore, FRE 611 permits the court to control the presentation of evidence to ensure that it is fair and understandable to the jury. The rule gives the court discretion to allow evidence that is relevant to the case narrative, even if it could be prejudicial, as long as its probative value outweighs the risk of unfair harm. In this case, excluding critical evidence would not only hinder McNeal's ability to present a comprehensive defense but also violate the principles of fairness and full disclosure in trial proceedings. The jury needs to hear all the relevant facts to make a fully informed decision about the

Defendant's true motivations and whether those motivations were discriminatory in nature.

By permitting evidence related to McNeal's treatment and the actions surrounding her retaliation claim, the Court would ensure that the jury is fully informed of the broader context and that the full scope of McNeal's claims is presented in a way that allows the jury to make a fair and just determination.

IV. **CONCLUSION**

For the reasons outlined above, Plaintiff respectfully requests that the Court deny Defendant's Motion *in Limine* to exclude references to evidence related to Plaintiff's previously conceded retaliation claims. The evidence tied to McNeal's abandoned retaliation claim is directly relevant to her remaining race and age discrimination claims and is essential for providing the jury with a complete and accurate understanding of the circumstances surrounding her termination. Excluding this evidence would unfairly restrict McNeal's ability to present her case in full, depriving the jury of crucial context that is necessary to assess whether the reasons given for her termination were genuine or a pretext for discrimination. To ensure fairness, the jury must be permitted to consider the complete narrative, which includes the broader pattern of mistreatment McNeal experienced. Therefore, the probative value of this evidence far outweighs any potential prejudice, and Plaintiff should be allowed to present it for the jury's full consideration.

THIS, the 23rd day of December, 2024.

Respectfully submitted,

        /s Jane A. Watson
JANE A. WATSON, MB #106877
NICK NORRIS, MB #101574
Attorney for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1501 Jackson Ave. W. STE 113 PMB 101
Oxford, Mississippi 38655
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
jane@watsonnorris.com

## CERTIFICATE OF SERVICE

I, Jane A. Watson, attorney for Plaintiff, do hereby certify that I have this day served via ECF or by United States mail, postage prepaid, a true and correct copy of the above and foregoing document to all counsel of record:

SO CERTIFIED, this the 23rd day of December, 2024.

        /s Jane A. Watson
JANE A. WATSON