IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**TINA MCNEAL**                                                                                             **PLAINTIFF**

**v.**                                           **CIVIL ACTION NO.: 4:23-cv-180-DMB-DAS**

**PREMIER MEDICAL MANAGEMENT**                          **DEFENDANT**
**OF MISSISSIPPI, INC.**

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS RESPONSE TO DEFENDANT'S
<u>MOTION *IN LIMINE* TO EXCLUDE INSURANCE</u>**

Plaintiff Tina McNeal ("Plaintiff") respectfully submits this response to Defendant Premier Medical Management of Mississippi, Inc.'s ("Defendant" or "PMM") Motion *in Limine* seeking to exclude evidence of insurance coverage related to the defense of Plaintiff's claims.

Plaintiff acknowledges that, under the Federal Rules of Evidence, particularly Rule 411, evidence of insurance coverage is generally inadmissible to prove the liability of a defendant. However, Plaintiff does not intend to introduce evidence of insurance to establish Defendant's liability. Instead, Plaintiff recognizes that any reference to insurance would be irrelevant to the determination of the underlying claims, and agrees that such evidence should be excluded to avoid any potential confusion or undue prejudice.

Given the absence of any intention to use insurance evidence to address issues of fault or liability, Plaintiff concedes that the introduction of such evidence should be excluded in accordance with the rules cited by Defendant, including Rule 411 of the Federal Rules of Evidence. Plaintiff acknowledges that introducing such evidence could

unfairly influence the jury and may distract from the central issues of race and age discrimination claims.

Plaintiff submits that the motion *in limine* should be granted in part, and Defendant should be precluded from introducing any evidence or making any reference to insurance coverage unless specifically pertinent to a different issue in the case.

For the reasons stated above, Plaintiff concurs with Defendant's request to exclude any reference to or evidence regarding the insurance coverage for Defendant, as such evidence is irrelevant to the issues at trial.

THIS, the 23rd day of December, 2024.

                Respectfully submitted,

                /s Jane A. Watson
                JANE A. WATSON, MB #106877
                NICK NORRIS, MB #101574
                Attorney for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1501 Jackson Ave. W. STE 113 PMB 101
Oxford, Mississippi 38655
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
jane@watsonnorris.com

## **CERTIFICATE OF SERVICE**

I, Jane A. Watson, attorney for Plaintiff, do hereby certify that I have this day served via ECF or by United States mail, postage prepaid, a true and correct copy of the above and foregoing document to all counsel of record:

SO CERTIFIED, this the 23rd day of December, 2024.

/s Jane A. Watson
JANE A. WATSON